VIVIANO, J.
(concurring). The majority concludes that because compliance with the notice requirement in MCL 765.28(1) is mandatory, a court is prohibited from ordering forfeiture of a bail bond if the court has not complied with the statutory notice requirement. I agree, but I write separately because I believe the applicable rule of statutory construction also requires discharge of a surety’s bond when a trial court fails to provide timely notice to the surety.
I. ANALYSIS
The majority and the Chief Justice agree on the applicable rule of statutory construction, although they state it differently. The majority says that, when an official fails to perform a duty within a mandatory time limit, “noncompliant public officers are prohibited from proceeding as if they had complied with the statute.”[1] *343 The Chief Justice says that when a statute imposes a time limit “to safeguard the rights of a party, courts may provide a limited remedy by precluding the government from acting in derogation of the mandate and to the detriment of the protected party ,”[2] However this rule is stated, I believe it requires discharge of the surety’s bond.
There are two ways that a trial court can “proceed as if it had complied with the statute.” First, the court can forfeit the bond and collect a monetary judgment from the surety.[3] Second, the court can rely on the bond to motivate the surety to find the absconding defendant so that the surety can have the forfeiture set aside and the bond discharged.[4] In either scenario, the court receives a benefit based on its compliance with the notice provision of the statute.
Likewise, there are two ways that a court can act “to the detriment” of a surety after failing to provide immediate notice not to exceed seven days after a defendant’s failure to appear, as required by MCL 765.28(1). First, a court can order forfeiture of the surety’s bond, and enter a judgment against the surety for the full amount of the bond. The majority’s holding prevents this type of injury. The second way a trial court can injure a surety is by retaining a surety’s bond. By retaining a bond after failing to give the statutorily required notice, a trial court encumbers a surety with an obligation that, as the majority explains, the surety *344 has little to no chance of ever being able to fulfill.[5] 6 This injury is no less real than the injury of paying a judgment — a surety’s financial capacity to bond out other defendants will be compromised by a debt that, through no fault of its own, it will most likely never be able to discharge.[6]
Unless noncompliance with MCL 765.28(1) requires discharge of a surety’s bond, a trial court will be able to perpetuate a surety’s injury indefinitely even if the court does not comply with the mandatory language of the statute. Furthermore, by retaining the bond in such a case, a trial court will be able to “proceed as if it had complied” with its statutory duty — the court would be free to retain a bond in the hope of motivating a surety to find an absconding defendant, even if the trail has grown cold because of the trial court’s own nonfeasance. This result would be inconsistent with the rule of statutory construction on which the majority and the Chief Justice rely. If the governing rule is that “non-compliant public officers are prohibited from proceeding as if they had complied with the statute,” then noncompliance requires discharge of the bond. Otherwise, the statute’s notice requirement will be “directory” because trial courts will remain free to disregard their notice obligations “to the detriment” of sureties. Absent discharge, trial courts will not be restrained from further action in derogation of the statute.
Contrary to the Chief Justice’s suggestion, to require discharge in this case would not be to “cast aside the Legislature’s intent under the guise of fairness and *345 equity.”[7] Nor would doing so amount to “fabricat[ing]” a remedy “out of whole cloth.”[8] As I have explained, requiring the trial court to discharge the surety’s bond is the logical consequence of the Chief Justice’s own stated rule of statutory construction. The Chief Justice offers no account of how a trial court would not be proceeding in derogation of its “mandate and to the detriment of the protected party” if it retained a bond after failing to provide the notice required by statute.[9] Unfortunately, even though this case squarely presents the question and this Court has invoked the legal principles necessary to answer it, sureties in the state of Michigan will have to await some future case to learn whether a trial court’s noncompliance with MCL 765.28(1) requires discharge of a surety’s bond.
II. CONCLUSION
I agree with the majority that, absent compliance with the notice provision in MCL 765.28(1), a trial court may not order a surety to forfeit its bond. However, I would also hold that because the notice requirement in MCL 765.28(1) is mandatory, a court’s noncompliance with that provision mandates discharge of the bond.
CAVANAGH and MARKMAN, JJ., concurred with VIVIANO, J.

 Ante at 323 (emphasis added).

 Ante at 341 (emphasis added).

 MCL 765.28(1).

 See MCL 765.28(2). To qualify to have the forfeiture set aside and the bond discharged, the surety must satisfy certain conditions, including (1) fully paying the judgment within 56 days after the forfeiture judgment was entered, MCL 765.28(3), and (2) apprehending the defendant within one year from the date of the forfeiture judgment, MCL 765.28(2).

 Ante at 331-332, 334-335.

 Furthermore, if the surety had posted any collateral for its bond, the Chief Justice’s rule would allow the court to retain the collateral in escrow indefinitely, again, through no fault of the surety, even though the court would never be able to collect the collateral.

 Ante at 342.

 Ante at 342.

 Further, it is hard for me to conclude that the Legislature intended to create a legal fiction — a new class of security that must remain pledged but can never be collected — without uttering even a single word on the subject.